## Louis Percoco's (dependent's) Case.

Suffolk. November 6, 12, 1930. — December 1, 1930.

Present: Rugg, C.J., Pierce, Carroll, Wait, & Field, JJ.

*Evidence*, Competency, Medical treatise.

At the hearing of a claim under the workmen's compensation act, where an issue was, whether the employee had met his death by the inhalation of noxious fumes created by dissolving carbon tetrachloride in warm water, it was prejudicial error to admit in evidence a certain treatise on industrial poisons which a medical expert who previously had testified had not relied on to support his opinion.

The mere fact that a witness, called by the insurer at such hearing, had been asked in cross-examination if he had read of a fatal case reported in such treatise and had answered in the affirmative, did not make the treatise admissible as contradicting the witness.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation to the widow of Louis Percoco, who met his death while employed by the American Rubber Company.

Material facts and evidence are stated in the opinion. In the Superior Court, the case was heard by *Bishop*, J., by whose order a final decree was entered awarding compensation.

*P. L. Keenan*, for the insurer.

*S. L. Bailen*, (*H. L. Sharmat* with him,) for the claimant.

CARROLL, J. This case came before the Industrial Accident Board upon a claim for compensation that the employee met his death by the inhalation "of noxious fumes

created by dissolving carbon tetrachloride in warm water and scrubbing floors with same." Compensation was awarded the widow of the employee.

There was evidence that carbon tetrachloride is a colorless liquid which is known under the name of carbona. The evidence for the insurer and several experts tended to show that this liquid did not cause the employee's death and that he died from broncho-pneumonia. A physician, who was the medical examiner of the Middlesex district, testified for the claimant that while he knew " very little about carbon tetrachloride " he thought " it might be broken up in coming in contact with something on the floor into irritating material and start up an irritation." He signed the death certificate that the cause of death was " Probably Broncho Pneumonia fol. inhalation of carbon tetrachloride while at work."

Dr. O'Brien, a witness for the insurer, was asked if he had read of a fatal case reported under " Industrial Poisons in the United States, by Dr. Hamilton." The claimant offered certain medical books, one of them being " Industrial Poisons in the United States by Dr. Alice Hamilton " and one the " Journal of Pharmacology and Experimental Therapeutics." This evidence was objected to by the insurer and its exception noted. Later in the course of the hearing, counsel for the claimant said he offered the books solely to contradict Dr. O'Brien. Counsel for the insurer then said he did not object to the book entitled " Journal of Pharmacology and Experimental Therapeutics." It did not appear that the insurer waived his exception to the book on industrial poisons, by Dr. Hamilton, and as we understand the record this book was in evidence.

The admission of this medical treatise was error. Opinions on medical matters or any other subject are not admissible except by testimony under oath and from a person skilled in such subjects. Statements contained in medical or scientific books cannot be used in evidence and counsel cannot be allowed to read to the jury from such works. To permit such evidence is to admit in evidence the statement of one, made out of court, not subject to

cross-examination. The rule is stated in *Commonwealth v. Jordan,* 207 Mass. 259 at 271: ". . . medical books are not admissible in evidence for the purpose of showing the views entertained by their authors in regard to the matters in dispute." *Commonwealth* v. *Wilson,* 1 Gray, 337. *Washburn* v. *Cuddihy,* 8 Gray, 430. *Allen* v. *Boston Elevated Railway,* 212 Mass. 191.

The exception to this rule, referred to in Wigmore on Evidence, § 1700, that where a witness refers to a treatise as corroborating him the treatise may be read to show it did not show such corroboration, has no application. The work on industrial poisoning could not be used for such a purpose. The witness, as we interpret the record, did not rely on this particular book to corroborate himself. The book was first mentioned by the claimant, and, while the witness said he had read the book, there is nothing to show that he relied on any statement therein contained as supporting his own opinion.

The admission of this evidence was prejudicial error. The member may have relied on some of the statements in the treatise, and for this reason the case must be referred to the Industrial Accident Board for rehearing.

We do not consider the objection to the witness Cavalho. It does not clearly appear that the insurer's offer of proof was refused. It would seem that the objection of the claimant was overruled. As there must be a new trial, we do not pass on the merits of the case.

*Decree reversed.*

*Case remanded to Industrial Accident Board.*