JOSEPH BLOSCK'S CASE.

Suffolk.    November 5, 1931. — December 3, 1931.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Workmen's Compensation Act,* Injuries to which act applies; Procedure: rehearing by Industrial Accident Board after expunging of evidence by Superior Court. *Evidence,* Opinion: expert.

Evidence, at the hearing by a single member of the Industrial Accident Board of a claim under the workmen's compensation act, that the claimant was employed as a night worker varnishing and dipping electric coils and putting them into large ovens to be baked; that after midnight he was seen working around the oven, and a few minutes later was found on the floor in a dazed condition in a room where the ovens and employees' lockers were situated; and that thereafter at his home and at a hospital he had convulsions and consequent disability caused by toluol poisoning resulting from the inhaling of toluol vaporized from the use of varnish in the ovens, warranted a finding by the single member and by the Industrial Accident Board that the claimant received an injury in the course of and arising out of his employment.

Where the record before the Superior Court upon certification of a decision by the Industrial Accident Board disclosed that a report of an impartial physician which had been considered both by a single member of the board and by the board in review contained a statement of a conclusion that the employee's incapacity was a result of a personal injury arising out of and in the course of his employment, it was proper procedure for the Superior Court to order the case to be recommitted to the board with instructions to reconsider it and render such decision as might to the board seem proper, excluding from consideration so much of the report of the impartial physician as in effect expressed the conclusion that the employee's incapacity was a result of a per-

sonal injury arising out of and in the course of his employment, and more especially a designated portion of the report; and the insurer was deprived of none of his rights to a rehearing by reason of the fact that a decision on rehearing was made by the board without further hearing by a single member thereof and upon the evidence previously introduced but with the objectionable part of the report of the impartial physician excluded, and was to the same effect as the former decision.

CERTIFICATION to the Superior Court under the provisions of the workmen's compensation act of a decision by the Industrial Accident Board awarding compensation.

In the Superior Court, the case was heard by *Gray*, J. Material facts and proceedings shown by the record are described in the opinion. A final decree was entered awarding compensation. The insurer appealed.

*T. N. Foynes*, for the insurer.

*J. M. Rosenthal & S. B. Horovitz*, for the claimant.

SANDERSON, J. This is an appeal by the insurer from a decree of the Superior Court ordering it to pay compensation to the employee for total incapacity for work resulting from personal injuries arising out of and in the course of his employment. He was employed by the General Electric Company as a night worker varnishing and dipping coils and putting them into large ovens to be baked. He went to work on December 2, 1929, at 6 P.M. and worked until midnight, working in the oven and being in it many times. He stopped at midnight for lunch, rang in about 12:15, was seen thereafter working around the oven, and a few minutes later was found on the floor in a dazed condition in a room where the ovens and employees' lockers were situated. He was taken home and started to make outcries. A doctor was called on the morning of December 3 and in his presence the employee had convulsions. He was removed to a hospital after having several convulsions at home, and then had others in the hospital. He remained unconscious throughout December 3. On December 5 both arms were swollen and discolored, and an X-ray taken on December 18 showed that each arm was broken at the humerus or upper arm bone. His case was diagnosed at the hospital as "Toluol poisoning (with convulsions)" and "Comminuted fracture of both humeri

(through epiphysis)." He was discharged from the hospital on March 9, 1930. As a result of the fractures and consequent immobility he was left with practically no use of his arms.

There was evidence warranting a finding that the varnish with which the employee worked and the atmosphere in which he worked contained toluol oil; that this substance in vapor form is heavier than air; that when employees enter the oven with the trucks containing the coils the fans in the oven stop and the toluol would be falling; that when the fans stop the fumes remain in the oven which is from fourteen to twenty feet high. There was evidence tending to prove that poisoning may be caused by toluol when taken into the system by breathing, and that toluol could be inhaled in the form of vapor from the use of the varnish; that the employee's condition on the morning of December 3, including the convulsions, was caused by toluol poisoning traceable to the employee's working in the presence of volatile poison; and that the series of convulsions caused the fractures of the employee's arms. Considerable medical testimony pointing to a different conclusion on most of these matters was introduced. The testimony of qualified physicians as to the physical condition of a person examined by them and the probable cause or causes therefor and as to the causal connection between a previous injury and a condition which later developed, although an opinion, is evidence of a fact, and, if believed, will support a finding that the causal relation existed. *Clark* v. *Beacon Oil Co.* 271 Mass. 27, 29–30. *Cooper's Case,* 271 Mass. 38, 40. The hospital record was also evidence of the treatment and medical history of the employee. G. L. c. 233, § 79. *Leonard* v. *Boston Elevated Railway,* 234 Mass. 480, 482. *Bilodeau* v. *Fitchburg & Leominster Street Railway,* 236 Mass. 526, 540. The single member and the board in review were warranted in reaching the conclusion that the plaintiff suffered an injury on December 3 which arose out of and in the course of his employment.

At the hearing before the reviewing board the request of the insurer that certain parts of the report of the impartial physician be expunged was denied. Thereafter the insurer

filed a motion in the Superior Court asking for a recommittal of the case to the board because of the admission by the single member of the portions of the impartial physician's report to which objection was made. On this motion the trial judge, deeming that the report of the impartial physician went further than to report the result of his examination of the employee and his medical opinion based on such examination in the light of the history of the case, and that he undertook to determine the ultimate questions reserved by the act to the single member and to the board in review, and that the substantial rights of the parties may have been affected thereby, ordered the case to be recommitted to the board with instructions to reconsider it and render such decision as may to the board seem proper, excluding from consideration so much of the report of the impartial physician as in effect expresses the conclusion that the employee's incapacity is a result of a personal injury arising out of and in the course of his employment, and more especially a designated portion of the report. The board, having reconsidered the case without the testimony ordered to be excluded, made another report reaching the same conclusion as before. The insurer contends that the rehearing should have been before a single member and that it has been deprived of its rights because the only rehearing was before the Industrial Accident Board.

In *Percoco's Case*, 273 Mass. 429, the admission in evidence of a medical book was held to be prejudicial error and the court said at page 431: "The member may have relied on some of the statements in the treatise, and for this reason the case must be referred to the Industrial Accident Board for rehearing." Upon review the Industrial Accident Board may find facts. *Fountaine's Case*, 246 Mass. 513. The usual practice has been to refer the case back to the Industrial Accident Board. The insurer was deprived of none of his rights to a rehearing by reason of the fact that a decision on rehearing was made by the Industrial Accident Board upon the evidence previously introduced but with the objectionable part of the report of the impartial physician excluded.

*Decree affirmed.*