## THOMAS J. MEUNIER'S CASE.

Suffolk.　December 5, 1945. — April 9, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Workmen's Compensation Act*, Industrial disease referees. *Constitutional Law*, Due process of law. *Evidence*, Presumptions and burden of proof, Industrial disease referees' report. *Words*, "Binding."

By providing in G. L. (Ter. Ed.) c. 152, § 9B, as appearing in St. 1938, c. 462, that a report of industrial disease referees in a workmen's compensation case should be "binding," the Legislature intended that the report should be conclusive of the facts stated therein; and in that respect the statute denies due process of law and is unconstitutional.

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Baker*, J.

*E. Field*, (*C. C. McCarthy* & *D. Field* with him,) for the insurer.

*S. B. Horovitz*, (*W. A. Bellamy* & *B. A. Petkun* with him,) for the claimant.

RONAN, J. This appeal by the insurer from a decree awarding compensation for disability arising from an injury to the lungs of an employee is based on the ground that the statute, G. L. (Ter. Ed.) c. 152, § 9B, inserted by St. 1935, c. 424, as revised by St. 1938, c. 462, governing the admissibility and probative effect to be given to the reports of medical referees in workmen's compensation cases, is invalid.

Section 9B, in so far as material, provides for the appointment of a board of medical referees consisting of three impartial physicians where an employee is claiming compensation on account of disability resulting from an injury due to an industrial disease. The referees are directed to examine the employee if living, and may examine the body of the employee if he has died, and "may consider and study all pertinent medical and hospital records and other information relative to the claim . . . may inspect the place or places of the employment . . . and make such further investigation as they deem necessary; and shall make to the department a complete report, which shall include the results of their study, together with their diagnosis and their opinion as to the extent and cause of disability, if any." The report of the referees "shall be binding on the parties and be included in the decision of the single member and of the reviewing board; provided, that the single member or the reviewing board may refer the matter back to said referees for further investigation and report." The employee contends that the word "binding" in this section simply means that the report is admissible in evidence, and that the effect to be given to it depends upon the degree of credibility to which it appears to be entitled in the view

of the trier of fact. The insurer contends that the Legislature intended not only that the report should be accepted as evidence but that it should be conclusive of all matters therein stated, and that, if the statute is applied, the insurer is deprived of any opportunity to attack, discredit or refute the report and is denied a fair chance to submit evidence to sustain its defence to the claim.

The legislative intent in enacting a statute is to be gathered from a consideration of the words in which it is couched, giving to them their ordinary meaning unless there is something in the statute indicating that they should have a different significance; the subject matter of the statute; the preëxisting state of the common and statutory law; the evil or mischief toward which the statute was apparently directed; and the main object sought to be accomplished by the ˅enactment. None of its words is to be rejected as surplusage, and none is to be given undue emphasis. Each is to be accorded the appropriate weight and meaning which the context and an examination of the statute as a whole show the framers of the statute intended it to have. *Commonwealth* v. *Welosky*, 276 Mass. 398. *Commissioners of Public Works* v. *Cities Service Oil Co.* 308 Mass. 349. *Tilton* v. *Haverhill*, 311 Mass. 572.

The validity of this statute, § 9B, was not considered in *Latorre's Case*, 302 Mass. 24, *Sylvia's Case*, 313 Mass. 313, *Beaudette's Case*, 314 Mass. 728, or *Duggan's Case*, 315 Mass. 355, as that question was not properly presented and was not determined.

The controversy in the present case hinges on the meaning to be given to the word "binding." That word has frequently been employed in our decisions to denote that certain evidence is final and conclusive against a party. One putting in evidence his opponent's answers to interrogatories thereby binds himself to the truth of the facts stated in them in the absence of evidence contradicting the answers. *Hoosac Tunnel & Wilmington Railroad* v. *New England Power Co.* 311 Mass. 667, 671. *Falzone* v. *Burgoyne*, 317 Mass. 493, 495. A party finally adopting as true one of two inconsistent statements in his testimony is bound by the

statement which he so adopts. *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405, 406. *Osborne* v. *Boston Consolidated Gas Co.* 296 Mass. 441. One is bound by his testimony as to his own knowledge, motives, purposes, emotions or feelings. *Germaine* v. *Boston & Albany Railroad*, 298 Mass. 501. *McFaden* v. *Nordblom*, 307 Mass. 574. In these instances, the evidence must be accepted as true, and the party who is bound by it cannot ask a judge or jury to disregard it or to find to the contrary.

The word "bind" or "binding" appearing in our statutes has been construed to mean conclusive. The allegations contained in a pleading "shall bind the party making them." G. L. (Ter. Ed.) c. 231, § 87. Compare G. L. (Ter. Ed.) c. 231, § 90. The effect of the words quoted was stated in *Snowling* v. *Plummer Granite Co.* 108 Mass. 100, 101, in these words, "both parties were conclusively bound by their respective allegations, and neither could contradict what the one had thus asserted and the other admitted." A party "cannot ordinarily be heard to dispute his own allegations." *Sullivan* v. *Ashfield*, 227 Mass. 24, 28. Findings made contrary to the facts admitted in a pleading cannot stand. *Bancroft* v. *Cook*, 264 Mass. 343, 348. *Markus* v. *Boston Edison Co.* 317 Mass. 1, 7. The statute, G. L. (Ter. Ed.) c. 213, § 3, Tenth A, authorizing this court and the Superior Court to "make binding determinations of right interpreting" written instruments undoubtedly gives to a declaratory judgment conclusive effect. See now St. 1945, c. 582. See also *Brindley* v. *Meara*, 209 Ind. 144; *Washington-Detroit Theatre Co.* v. *Moore*, 249 Mich. 673; *Faulkner* v. *Keene*, 85 N. H. 147; *McCrory Stores Corp.* v. *S. M. Braunstein, Inc.* 102 N. J. L. 590; *Ladner* v. *Siegel*, 294 Penn. St. 368; Am. Law Inst. Restatement: Judgments, § 77. The statute, G. L. (Ter. Ed.) c. 246, § 16, providing that "the answer and statements of a trustee, on oath, shall be considered as true" was held to bind the plaintiff to the truth of the matters included in the answer and statements of the trustee. *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 301. *Workers' Credit Union* v. *Hannula*, 285 Mass. 159, 160. We need not mention other decisions or statutes where the word

"binding" has been interpreted to mean true and conclusive. The wording of § 9B does not require a different meaning.

We are confirmed in this view by the original form in which § 9B was cast. See St. 1935, c. 424. That statute provided that the "diagnosis" of the medical referees should be binding on the parties. It is not an unreasonable inference that the statute was so worded to avoid the difficulties which had been experienced in the introduction in evidence of reports of impartial physicians made under G. L. (Ter. Ed.) c. 152, § 9, which provides that such report "shall be admissible as evidence in any proceeding before the department or a member thereof." Some of these reports had been excluded when found to rest upon hearsay evidence. *Blosck's Case*, 277 Mass. 451. *Minns's Case*, 286 Mass. 459. *Farren's Case*, 290 Mass. 452. It must be presumed that the Legislature was familiar with those decisions. *Devney's Case*, 223 Mass. 270, 271. *Johnson's Case*, 318 Mass. 741, 745. In the present statute the Legislature did not provide merely for the admission of the report of the medical referees, as it did with reference to the report of the impartial physician under § 9. *Emma's Case*, 242 Mass. 408. We think the present statute, § 9B, attempts to make the report a final determination of the fact.

We now inquire whether the Legislature had the power to make such a provision. The Legislature doubtless has the power to prescribe the rules of evidence and the methods of proof to be employed in trials in court and in hearings before administrative boards. It may change the rules of common law or those provided by existing statutes, and may make competent that which had been previously inadmissible. Dying declarations in a prosecution for unlawfully procuring an abortion, the habits of a deceased person in discharging his financial obligations, the answers to interrogatories of one who had died before the trial, the declarations of a deceased person concerning facts of which he had personal knowledge, private conversations between husband and wife, entries in books of account made in the usual course of business, records of certain

hospitals concerning the condition of a patient and his medical history, and records of bank accounts, are familiar illustrations. See in their present form G. L. (Ter. Ed.) c. 233, §§ 64, 65, 65A, 66, 76, 77, 78, 79. Rights and remedies unknown to the common law may be created; procedure may be altered and the burden of proof shifted from one party to another. *Kendall* v. *Kingston*, 5 Mass. 524, 534. *Hall* v. *Reinherz*, 192 Mass. 52. *Opinion of the Justices*, 209 Mass. 607, 610. *Duggan* v. *Bay State Street Railway*, 230 Mass. 370. *Commonwealth* v. *Slavski*, 245 Mass. 405. *Whiteside* v. *Merchants National Bank*, 284 Mass. 165. *Opinion of the Justices*, 309 Mass. 571. The Legislature ordinarily has the power to prescribe the weight that must be accorded to certain evidence. *Holmes* v. *Hunt*, 122 Mass. 505, 516. *Commonwealth* v. *Slavski*, 245 Mass. 405. *Walcott* v. *Sumner*, 308 Mass. 413. The proof of one fact may be made prima facie evidence of another fact, *Commonwealth* v. *Williams*, 6 Gray, 1; *Commonwealth* v. *Pillsbury*, 12 Gray, 127; *Commonwealth* v. *Rowe*, 14 Gray, 47; *Commonwealth* v. *Barber*, 143 Mass. 560, 562; *Commonwealth* v. *Anselvich*, 186 Mass. 376; *Shamlian* v. *Equitable Accident Co.* 226 Mass. 67, 70; *Smith* v. *Freedman*, 268 Mass. 38, provided there is a rational connection between the two facts. *Opinion of the Justices*, 208 Mass. 619, 624. *Tot* v. *United States*, 319 U. S. 463. *New Port Richey* v. *Fidelity & Deposit Co.* 105 Fed. (2d) 348. *Packard* v. *O'Neil*, 45 Idaho, 427. *Hawkins* v. *Ermatinger*, 211 Mich. 578.

In the instant case, the medical referees may make such investigation as they deem necessary. No provision is made for representation of either party at any investigation conducted by them. The referees are not required to file any report of each and every thing they did, or of whom they interviewed and what was said. They do not furnish any transcript of evidence. The complete report called for by the statute, § 9B, might consist of a statement of subsidiary findings in such detail as the board desires, together with their conclusion "as to the extent and cause of disability, if any." It would be difficult for a party to attack

these ex parte proceedings by the medical referees. The vice of § 9B is that he is not permitted to attempt to do so. The report is binding on the single member who hears the case and also on the reviewing board, because in deciding the case they must regard the report as binding the parties. They are required to give the report the force and effect fixed by the statute. Neither the single member nor the board can consider it in any other light. There is little, if anything, left for decision in proceedings for compensation where the status of the claimant as an employee and the rate of wages (which matters are usually not in dispute) are settled, and where the extent and cause of disability are fixed by the report of the medical referees. The party who is adversely affected by the report cannot explain, contradict or refute it. He is thereby denied a fair opportunity of introducing all available material evidence in support of or defence against the claim and to have it considered and weighed by the trier of fact. He is bound by a report made upon information unknown to him and which he can never learn. He has no way of testing the conclusion reached by the board.

A statute giving that effect to the report of an ex parte investigation deprives a party of his fundamental rights and is violative of arts. 1, 10 and 12 of the Declaration of Rights of the Constitution of this Commonwealth and is contrary to the due process clause of the Fourteenth Amendment to the Constitution of the United States. *American Employers' Ins. Co.* v. *Commissioner of Insurance,* 298 Mass. 161. *Boott Mills* v. *Board of Conciliation & Arbitration,* 311 Mass. 223. *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398. *Interstate Commerce Commission* v. *Louisville & Nashville Railroad,* 227 U. S. 88, 93. *Schlesinger* v. *Wisconsin,* 270 U. S. 230. *Crowell* v. *Benson,* 285 U. S. 22, 56–57. *Heiner* v. *Donnan,* 285 U. S. 312. *Baltimore & Ohio Railroad* v. *United States,* 298 U. S. 349, 368–369. *Ohio Bell Telephone Co.* v. *Public Utilities Commission of Ohio,* 301 U. S. 292, 302–303. *Gauthier's Case,* 120 Maine, 73. *Vega Steamship Co.* v. *Consolidated Elevator Co.* 75 Minn. 308. *Hunter* v. *Zenith Dredge Co.* 220 Minn. 318.

*Howard* v. *Moot*, 64 N. Y. 262, 269. *Jack* v. *Morrow Manuf. Co.* 194 App. Div. (N. Y.) 565. *In re Allen*, 82 Vt. 365.

Although the English workmen's compensation act of 1925, § 19 (3), makes the certificate of a medical referee final and conclusive, it must be remembered that in England there are no constitutional limitations that can be enforced by the courts. *Penrikyber Navigation Colliery Co. Ltd.* v. *Edwards*, [1933] A. C. 28. See *Richardson* v. *Redpath, Brown & Co. Ltd.* [1944] A. C. 62.

The final decree is reversed and the case is remanded to the Industrial Accident Board to determine the claim upon the evidence heretofore submitted, except the reports of the medical referees, and upon such further evidence as the parties may present.

*So ordered.*