ATTORNEY GENERAL vs. THE BOOK NAMED "SERENADE."

Suffolk.   December 8, 1949. — September 12, 1950.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Obscene, Indecent or Impure Publication.   Book.   Equity Pleading and Practice*, Appeal, Exceptions, Proceeding against book.   *Evidence*, Opinion: expert.

An appeal from a decree in a proceeding against a book under G. L. (Ter. Ed.) c. 272, §§ 28C–28G, inserted by St. 1945, c. 278, § 1, is governed by the principles applicable to an appeal in equity; and on such appeal, with a report of the evidence, including the book, and of findings by the trial judge, this court reached its own conclusion based on a reading of the book.

Upon appeal in a proceeding under G. L. (Ter. Ed.) c. 272, §§ 28C–28G, inserted by St. 1945, c. 278, § 1, from a decree in favor of a certain

novel containing several sexual episodes, this court determined that the book read as a whole was not obscene, indecent or impure and affirmed the decree in view of the manner of portrayal of such episodes and the fact that they did not dominate or flavor the book, notwithstanding that one of such episodes occurred in circumstances which would shock and offend religious sensibilities; Qua, C.J., and Ronan & Counihan, JJ., dissenting.

In a proceeding against a book under G. L. (Ter. Ed.) c. 272, §§ 28C–28G, inserted by St. 1945, c. 278, § 1, exceptions saved to questions to expert witnesses on the ground that the questions, seeking their opinions of the book from a literary point of view, permitted them to give extended narratives of the contents of the book were overruled because the questions themselves were not improper and because this court's conclusion on the issue whether the book was obscene, indecent or impure was based on a reading of the book without resort to the expert testimony.

PETITION, filed in the Superior Court on February 4, 1949.

The case was heard by *Fairhurst,* J.

In this court the case was argued in December, 1949, before *Qua,* C.J., *Lummus, Wilkins, Spalding,* & *Counihan,* JJ., and afterwards was submitted on briefs to all the Justices.

*L. E. Ryan, (J. J. Bresnahan,* Assistant Attorney General, & *J. J. Kelleher* with him,) for the petitioner.

*A. E. Farmer* of New York, *(R. W. Meserve* & *J. B. Ullman* with him,) for Alfred A. Knopf, Inc., and another.

SPALDING, J. This is a petition in equity brought by the Attorney General under G. L. (Ter. Ed.) c. 272, §§ 28C–28G, as inserted by St. 1945, c. 278, § 1, seeking an adjudication that the novel "Serenade" by James M. Cain is obscene, indecent, or impure. It is conceded in the answer that the book was being sold and distributed in the Commonwealth. The judge made findings of fact and concluded that the book did not offend against the statute, and from a decree entered accordingly the Attorney General appealed. The evidence, which includes the book itself, is reported.

The guiding principles to be applied in determining whether a book is "obscene, indecent or impure" were fully discussed in the recent case of *Commonwealth* v. *Isenstadt,* 318 Mass. 543, and it is not necessary to repeat what was

there said. Those principles are equally applicable in this proceeding in equity against the book. *Attorney General* v. *"Forever Amber,"* 323 Mass. 302. The scope of review, however, in a case like the present is quite different from that which confronted us in the *Isenstadt* case. There we said, "The test is not what we ourselves think of the book, but what in our best judgment a trier of the facts might think of it without going beyond the bounds of honesty and reason" (page 556). The present appeal is governed by the principles obtaining in equity, and since the book itself is before us we must "make our own determination whether . . . [it] is obscene, indecent, or impure under the statute." *Attorney General* v. *"Forever Amber,"* 323 Mass. 302, 309.

A majority of the court are of opinion that the book in the case at bar, when read as a whole, does not contravene the statute. There are, to be sure, several sexual episodes in the book, but they are not portrayed in a manner that would have a "substantial tendency to deprave or corrupt its readers by inciting lascivious thoughts or arousing lustful desire." *Commonwealth* v. *Isenstadt*, 318 Mass. 543, 549–550. Nor do such incidents dominate or flavor the book. As the trial judge observed, they "are lost in the quickly moving tempo of the story." One of these incidents, it is true, occurs in circumstances that would shock and offend religious sensibilities. Whatever may be said against the portrayal of such an incident on the score of propriety or good taste, we cannot say that the book on that account violates the statute. Matters that are profane or sacrilegious are not within its scope.

The Attorney General took several exceptions to rulings on evidence but now presses only three of them. These arise from questions put by the respondents to their literary experts, Morrison, Thompson, and Davis, which asked them to give their opinions of the book from a literary point of view. It is not contended that this testimony in general is inadmissible (see § 28F), but rather it is urged that the questions were too broad and permitted the experts to give extended narratives of the contents of the book. Thus, it

is argued, the best evidence rule was violated in that the accounts of the experts rather than the book itself were laid before the court. These exceptions are without merit. The questions themselves were not improper. If the answers included matters beyond the scope of the questions, the proper remedy was to ask that these portions be struck out — a course which was not pursued here. See *Commonwealth v. Patalano*, 254 Mass. 69, 74–75. But for a more fundamental reason these exceptions must be overruled. Our conclusion that the book is not obscene, indecent, or impure is based on a reading of the book itself without resort to the expert testimony.

*Decree affirmed.*

The Chief Justice and Justices Ronan and Counihan do not agree with so much of the foregoing opinion as holds that the book is not obscene, indecent, or impure.