ERNEST D. CHARRON'S CASE.

Worcester. April 6, 1954. — June 30, 1954.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Workmen's Compensation Act*, Procedure: notice, filing of claim, appeal, exceptions; Incapacity.

Evidence warranted a finding in a workmen's compensation case that the insurer was not prejudiced by want of notice of an incapacitating injury from the cumulative effect of inhaling asbestos dust or by failure to file a claim until more than seven months after the employee had suffered the injury. [520–521]

In a workmen's compensation case, medical and other testimony supported findings by the Industrial Accident Board that the employee contracted a diffuse pulmonary asbestosis and a chronic bronchiectasis from the cumulative effect of inhaling asbestos dust to which he was exposed during the course of his employment, and that "this was an injury within the meaning of the workmen's compensation act." [522]

It was too late for the insurer in a workmen's compensation case to attack in this court opinion testimony of a physician before a single member of the Industrial Accident Board as based on an incorrect assumption of fact where the point had not been raised before the reviewing board. [522–523]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the workmen's compensation act.

The case was heard by *Meagher*, J.

*Harold H. Hartwell & John F. Driscoll*, for the self insurer, submitted a brief.

*Morris Newman*, for the claimant.

COUNIHAN, J. This is an appeal by a self insurer from a decree of the Superior Court awarding compensation to an employee for an injury or disease incurred while he was an employee in an asbestos mill of the employer. There was also a dependency award for his wife and nine children under G. L. (Ter. Ed.) c. 152, § 35A, as appearing in St. 1946, c. 553, as amended by St. 1950, c. 282, § 1. There was no error.

The decision of the single member which was affirmed by the reviewing board, with slight modifications in the record before the single member not here material, included the following findings: "The claimant was employed at the employer's plant on June 23, 1937. The last time he was employed was from April 1, 1948, to June 22, 1951. On June 22, 1951, he started a one week's vacation and never returned to the plant thereafter. The claimant, during all the time he worked for the employer, was employed at carding. This consisted of operating a machine in which asbestos was mixed with cotton and other things. Dr. Oscar Feinsilver, specializing in internal diseases and pulmonary diseases, testified for the employee. He examined the employee on several different occasions. He made a diagnosis of diffuse pulmonary asbestosis and, superimposed on this, a chronic purulent bronchitis and evidence of right heart failure. Dr. Feinsilver further testified that bronchiectasis was a very common feature of the disease of asbestosis. . . . Upon all the evidence, I find that the employee, during the course of his employment with this employer, was exposed to asbestos dust in large quantities. I find that some of the dust the employee was exposed to was inhaled by him and that this inhalation of the dust was cumulative in effect. I find that the greatest accumulation was on June 22, 1951, the last day the employee worked, and that this accumulation was such on that day that the employee has a diffuse pulmonary asbestosis and a chronic bronchiectasis. I find that this was an injury within the meaning of the workmen's compensation act, and I find that the date of injury was the last day he worked on June 22, 1951." The decision of the single member further said, "The insurer raised the question of notice. I find that the insurer was in no way prejudiced by lack of notice."

The first contention argued by the self insurer was want of notice of injury or of seasonable claim for compensation. It is true that the employee last worked on June 22, 1951, and that no notice or claim was filed until February 1, 1952, a period of over six months. But "An award is not barred

by want of notice of injury or the failure to file a claim within the time prescribed by statute where the claimant shows that the insurer was not prejudiced by the delay. G. L. (Ter. Ed.) c. 152, §§ 41, 44, 49." *Watson's Case*, 322 Mass. 581, 584.

It was said in *Wnukowski's Case*, 296 Mass. 63, at pages 65–66, "The board found, however, that the insurer was not prejudiced by want of notice. . . . This finding was also supported by the evidence. It could be found that the employer knew the conditions of the employment. . . . The employee received medical and hospital treatment. The record shows that full and complete medical evidence was available to the insurer. The board could reasonably believe that the insurer's opportunity to gather and to preserve proof with respect to the other factors in the case, such as the amount and character of the dust to which the employee was exposed over the long period of years involved, was as good upon the filing of a claim in September, 1932, as it would have been if notice had been given in August of that year. Nothing depended upon immediate notice of a single occurrence." Compare *Berthiaume's Case*, 328 Mass. 186, 189–191. There are present in the record of this case all of the factors referred to in *Wnukowski's Case* and there was other evidence which supports the finding that the self insurer was not prejudiced by want of notice. *Watson's Case*, 322 Mass. 581, 584.

Another contention of the self insurer is that the finding of the single member that the claimant has diffuse pulmonary asbestosis and a chronic bronchiectasis was based upon the opinion of Dr. Feinsilver which opinion in turn was predicated partly at least upon an assumption of fact which from later testimony appears to have been incorrect.

It has been generally held that in the circumstances of this case a finding as to the nature or cause of the injury or disease may stand only if supported by adequate medical testimony. *DeFilippo's Case*, 284 Mass. 531, 534–535. See *Ralph's Case, ante*, 86, 90.

It is significant that there is nothing in the decision of the

single member or of the reviewing board to indicate that any reliance was placed upon that part of the testimony of Dr. Feinsilver about the length of time of the exposure to which the claimant had been subjected. It is important also that there was testimony from other sources that the employee was under heavy exposure to asbestos dust during the time he worked for the self insurer, a period of over five years. Moreover there was other ample testimony from Dr. Feinsilver to support his opinion that the employee had a diffuse pulmonary asbestosis and a chronic bronchiectasis which he said is a very common feature of the disease asbestosis. He made several thorough physical examinations of the employee. He took X-ray pictures and did a fluoroscopy of his chest. He said, "As far as can be seen by X-ray there is increased asbestosis." He examined his sputum and found expectoration typical of that from asbestosis. He said, "That is consistent with asbestosis." He further found that the employee had asbestos warts and said, "no one can get them without being exposed." There was no exposure to asbestos dust in the history of the employee except that to which he was subject while in the employ of the self insurer. We think that such other evidence was sufficient to warrant the finding of the single member that the claimant had asbestosis.

But apart from this the record fails to show that this point now emphasized and relied upon by the self insurer was raised before the reviewing board, the decision of which superseded and made unimportant that of the single member.

It is true that the record shows that Dr. Feinsilver testified before the single member that "from what . . . [Charron] told him . . . he was exposed for a period of 10–11 years to asbestos dust" and that his "opinion was based partly on that as to disability and to condition." It is equally clear that the record disclosed no exposure other than for a period of five years and several months.

It is to be noted, however, that Dr. Feinsilver was the first witness to testify before the single member. He was properly permitted to testify to the "occupational history"

he got from the claimant. But this evidence was purely hearsay and was not competent to prove any facts. It could only be used as a basis for an opinion of the doctor. Such an opinion would be competent only if later evidence was introduced to prove the facts upon which the doctor relied in part at least. No such evidence later appeared, and it was then in order when the case was before the reviewing board to move to strike the opinion of the doctor in so far as it was based in any way upon facts not proved.

It is now too late for the self insurer to raise the particular objection to the award upon the grounds argued in its brief, which incidentally are supported by no citation of authority. If the board failed to act favorably upon such a motion as has been suggested, the self insurer could have saved an exception and thus brought the issue squarely before the judge of the Superior Court, and, if necessary, later before this court. Failing to follow that pattern it has no right now to be heard before us. See *Commonwealth* v. *Russ*, 232 Mass. 58, 72–78; *Commonwealth* v. *Patalano*, 254 Mass. 69; *Indrisano's Case*, 307 Mass. 520; *Attorney General* v. *"Serenade,"* 326 Mass. 324, 327.

The express finding of the single member that "this was an injury within the meaning of the workmen's compensation act" which was affirmed and adopted by the reviewing board is sufficient to dispose of other contentions of the self insurer. *Paltsios's Case*, 329 Mass. 526, 528.

Costs of this appeal under G. L. (Ter. Ed.) c. 152, § 11A, inserted by St. 1945, c. 444, shall be allowed by the single justice.

*Decree affirmed.*