JOSEPH HALEY'S CASE.

Hampden. December 2, 1969. — February 3, 1970.

Present: SPALDING, CUTTER, SPIEGEL, REARDON, & QUIRICO, JJ.

*Workmen's Compensation Act,* Decision of Industrial Accident Board, Exceptions. *Administrative Board. Constitutional Law,* Due process of law.

Error on the part of the single member in a workmen's compensation case in basing his decision, unfavorable to the employee, in part upon a medical report which was not in evidence tainted his decision and likewise tainted a decision of the reviewing board affirming and adopting "the findings and decision of the single member" without change after a hearing at which it heard no witnesses but had before it the evidence introduced before the single member and his report, and required reversal of a decree in accordance with the reviewing board's decision and recommittal of the case to the Industrial Accident Board for hearing de novo. [680–681, 683]

Constitutional due process requirements apply in a workmen's compensation case to hearings and decisions by the single member and the reviewing board. [682]

An exception to the exclusion of evidence saved before the single member in a workmen's compensation case but not preserved by pressing it before the reviewing board brought no question to the Superior Court upon certification of the board's decision. [682]

CERTIFICATION to the Superior Court of a decision of the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Roy, J.*

*Robert J. Moran* for the employee.

*Paul A. Murphy* for the insurer.

QUIRICO, J. The employee in this workmen's compensation case received an injury to his back on November 20, 1963, while employed as a wire drawer at an average weekly wage of $140.58. He received total incapacity compensation until January 5, 1964. He then returned to work for the same employer as a sweeper at an average weekly wage of $91.40. He held this job until November 15, 1965, when he resumed his regular work as a wire drawer. He is claiming partial incapacity compensation for the period of time he worked as a sweeper. After a hearing the single member found that the employee was partially incapacitated from the date he returned to work on January 6, 1964, to February 28, 1964, and awarded him partial incapacity compensation for that period. Concerning the period from February 28, 1964, to November 15, 1965, the single member found that "the employee has failed to sustain the burden of proving that he was incapacitated for work or that any alleged incapacity was causally related to the injury of November 20, 1963"; and he denied the employee any compensation for that period.

The employee claimed a review of the single member's decision. After a hearing the reviewing board affirmed and adopted the decision of the single member as its own decision. The board heard no witnesses, but it had before it a verbatim transcript of all the testimony and of the only exhibit introduced in evidence before the single member. The board ordered the insurer to pay the partial incapacity compensation as awarded by the single member, and denied and dismissed the claim as to the period after February 28, 1964. The decision of the reviewing board entirely supersedes that of the single member. *Ricci's Case,* 294 Mass. 67. Since the board merely affirmed and

adopted the decision of the single member as its own decision, we must look to the single member's decision in order to determine whether the action of the board is correct.

The case was certified to the Superior Court by the employee. After hearing, the court entered a final decree to the effect that the employee had failed to sustain his burden of proving partial incapacity for the period in question, or that any alleged incapacity was causally related to the injury of November 20, 1963, and it denied and dismissed the claim for that period. The employee appealed from that decree to this court.

On judicial review the decision of the board must be accepted as final, if supported by the evidence and not tainted by error of law. *Roney's Case*, 316 Mass. 732, 734. *Webb's Case*, 318 Mass. 357, 358. *Sulham's Case*, 337 Mass. 586, 589. *Look's Case*, 345 Mass. 112, 114. *Ritchie's Case*, 351 Mass. 495, 496. *Whitaker's Case*, 354 Mass. 4, 5. *Korsun's Case*, 354 Mass. 124, 125. The record before us includes the same evidence which was before the single member and later before the board. The evidence on the issue whether the employee was partially incapacitated from February 28, 1964, to November 15, 1965, was conflicting. The board had the responsibility of deciding the preliminary questions of credibility and weight of the evidence, and the court cannot review those decisions. However, if the board's ultimate decision results in whole or in part from an error of law to the prejudice of the appealing party, the court may take whatever action is necessary to correct the error and prevent injustice.

The decision of the reviewing board in this case was tainted by legal error. The error originated with the single member. The same error taints the decision of the board because the board affirmed and adopted "the findings and decision of the single member" without change. The error involves the board's consideration and use of information and facts not introduced in evidence, in arriving at its decision. The transcript shows that on February 28, 1964, the employee was examined by a Dr. Frank E. Hurley at the

request of the employer or the insurer. There is no evidence
that Dr. Hurley made the examination and report as an
"impartial physician" under G. L. c. 152, § 9. A copy of
the report was in the possession of the employer's plant
nurse when she testified before the single member. Counsel
for the employee attempted to incorporate a statement from
the report in a question which he put to the plant nurse.
Counsel for the insurer objected, and the objection was
sustained. Counsel for the employee excepted and made an
offer of proof, but the record does not state what the offer
of proof was. Neither Dr. Hurley's report nor any of its
contents ever became a part of the evidence in this case.
Despite that, the decision of the single member, which the
board affirmed and adopted as its own, contained a lengthy
reference to, and quotation from Dr. Hurley's examination
and report.[1] The decision shows that the single member
and the board accepted Dr. Hurley's opinion that the em-
ployee's partial disability terminated on February 28, 1964,
which was the date of the examination; and it denies any
compensation after that date. Both the single member and
the board went outside of the evidence before them in
arriving at their decision.

Parties to proceedings before a single member or a review-
ing board under G. L. c. 152, §§ 8 and 10, are entitled to a
hearing at which they have an opportunity to present
evidence, to examine their own witnesses and to cross-
examine witnesses of other parties, to know what evidence
is presented against them and to an opportunity to rebut
such evidence, and to argue, in person or through counsel,
on the issues of fact and law involved in the hearing. They
are then entitled to a decision based on the evidence pre-

---

[1] The decision contained the following language: "On February 28, 1964,
he (the employee) was examined by Dr. Frank E. Hurley, a qualified internist
and cardiologist. In his report, to which several references were made during
the course of the hearing, he stated that, 'Physical examination was within
normal limits — Neurological examination was entirely normal.' It was his
opinion that '. . . Mr. Haley has recovered from his acute back strain and
that he is essentially clinically free of significant disability at this time, and
that it is proper for him to return to activity which perhaps might well be
somewhat restricted in the future because of this patient's high degree of
susceptibility to recurrent strain upon exposure to heavy physical labor.'"

sented at the hearing. Nothing can be considered or treated as evidence which is not introduced as such. Although the board is an administrative body, and not a court, its decisions partake of the nature of a court's decisions. *Casieri's Case*, 286 Mass. 50, 55. Constitutional due process requirements apply to board hearings and decisions. *Meunier's Case*, 319 Mass. 421, 426–427. In *Carroll's Case*, 225 Mass. 203, 208–209, the court reversed a decision of the Industrial Accident Board because it was based in part on "some correspondence and interviews" which did not appear in the record of the case. This rule that the decision on a workmen's compensation claim may not be based on facts not introduced in evidence at the hearing prevails in many other jurisdictions. *Crowell* v. *Benson*, 285 U. S. 22. *Brown-Pacific-Maxon Co.* v. *Toner*, 255 F. 2d 611 (7th Cir.). *Carstens* v. *Pillsbury*, 172 Cal. 572. *Henry Cowell Lime & Cement Co.* v. *Industrial Acc. Commn.* 211 Cal. 154. *Ruda* v. *Industrial Bd.* 283 Ill. 550. *Gauthier's Case*, 120 Maine, 73. *Hathcock* v. *Loftin*, 179 Md. 676. *Hyman* v. *Tyler*, 188 Md. 301. *Shortz* v. *Farrell*, 327 Pa. 81. *International Harvester Co.* v. *Industrial Commn.* 157 Wis. 167. The same rule has been applied to a number of administrative boards in this Commonwealth. *American Employers' Ins. Co.* v. *Commissioner of Ins.* 298 Mass. 161, 167–168. *Boott Mills* v. *Board of Conciliation & Arbitration*, 311 Mass. 223, 227. *Burns* v. *Thomas Cook & Sons, Inc.* 317 Mass. 398, 402. *Moran* v. *School Comm. of Littleton*, 317 Mass. 591, 594–595. *Massachusetts Gen. Hosp.* v. *Commissioner of Pub. Welfare*, 350 Mass. 712, 720.

This is not an appeal based on the alleged wrongful admission or exclusion of evidence. Although the employee saved an exception to the single member's exclusion of a question about Dr. Hurley's report, the record does not show that he preserved it by raising it before the board. It was therefore not brought to the Superior Court. *Indrisano's Case*, 307 Mass. 520, 521. *Amon's Case*, 315 Mass. 210, 215. *Donlan's Case*, 317 Mass. 291, 294. *Charron's Case*, 331 Mass. 519, 523. *Varano's Case*, 334 Mass. 153, 156.

*Luczek's Case*, 335 Mass. 675, 677. *Cormier's Case*, 337 Mass. 714, 717. The appeal is based on the alleged error of the board in considering and treating Dr. Hurley's report as evidence. *Indrisano's Case* and the other cases cited above do not apply. Until the employee received and read the single member's decision he had no way of knowing that it was based in part on Dr. Hurley's report. He could not then save an exception before the single member. He seasonably claimed a review. The record before the reviewing board included the transcript of testimony and the single member's decision. The single member's error was apparent on that record. The board did not correct the error, but instead adopted and affirmed what the single member had done. It thus became the error of the board. The error was apparent on the record as certified to the Superior Court; and it was the only error in the record on which the employee sought, or was entitled to seek, judicial review.

The board's action in considering and treating Dr. Hurley's report as part of the evidence violated the employee's right to administrative due process. The report appears to have been a material factor in the decision that there was no incapacity after the date of Dr. Hurley's examination on February 28, 1964. For this reason, we hold that the decision of the board should be set aside, even though there was other evidence which, if believed, was sufficient to support the decision. The employee is entitled to a decision based solely on the evidence, and he has not received it. The decree of the Superior Court is reversed, and we order the case recommitted to the Industrial Accident Board for hearing de novo. See *Percoco's Case*, 273 Mass. 429, 431 and *Blanco's Case*, 308 Mass. 574, 578.

*So ordered.*