PETER RUSSO'S CASE.

Suffolk.    March 14, 1973. — April 4, 1973.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Workmen's Compensation Act*, Medical reports, Record, Failure to raise issue.

The record of a workmen's compensation case showed no error on the part of the single member of the Industrial Accident Board in considering medical reports dated after the completion of his hearings and before his decision and admitted in evidence under an agreement by the parties that such reports, identified by the name of the doctor and the date of the report, should "be made part of this record by reference." [207]

It was too late for the insurer in a workmen's compensation case to raise in this court the issue of the admissibility of certain evidence considered by the single member of the Industrial Accident Board where the insurer did not raise that issue before the reviewing board. [207-208]

CERTIFICATION to the Superior Court of a decision by the Industrial Accident Board under the Workmen's Compensation Act.

The case was heard by *Tamburello,* J.

*James F. Fitzgerald, Jr.,* for the insurer.

*Lillian C. Levine* for the employee.

HALE, C.J.    This is an appeal by the insurer from a final decree of the Superior Court awarding compensation and specific benefits to an employee in accordance with the decision of the reviewing board of the Industrial Accident Board, which affirmed the decision of the single member. On judicial review, the decision of the board must be accepted as final, if supported by the evidence and not tainted by error of law. As the board affirmed and adopted the finding and decision of the single member, we must look to that decision to determine whether the action of the board is correct. *Haley's Case,* 356 Mass. 678, 679-680.

The single member held hearings on May 22, 1970, and October 28, 1970,[1] and filed his report on December 2, 1970. All of the expert medical evidence was introduced through reports of physicians submitted by the insurer and the employee. The single member made reference to these reports as follows: "It is agreed by the parties that the following reports be made part of this record by reference." There followed a list of the reports identified by the name of the doctor and the date of the report. Included in this list are reports dated November 3, 1970, November 13, 1970, and November 19, 1970. The report dated November 3, 1970, is referred to in the single member's decision and clearly was relied upon by him.

The insurer contends that these reports were improperly before the single member and that his consideration of them was error. In support of this position, it calls our attention to the fact that these reports are dated after the date of the last hearing. It further reasons that counsel could not have agreed in October to the admission of reports not in existence until November. It relies on *Haley's Case*, 356 Mass. 678, in support of its contention that this requires reversal and recommittal for a hearing de novo. *Haley's Case* is distinguishable as in that case the single member's finding was based on a doctor's report which did not become part of the evidence. 356 Mass. at 681. Furthermore, the error in that case was apparent on the record. In the present case, the record states that the parties agreed to the submission of all of the doctors' reports. These reports could properly have been submitted to the single member after October 28, 1970, by an agreement of the parties with the approval of the single member at the hearing on October 28, 1970, or at a later date. No error is apparent on this record. The insurer should have filed a motion with the reviewing board to strike the disputed medical reports from the record and to review the decision of the single member

---

[1] It was stipulated at oral argument that a second hearing was held on this date, although the record contains no reference to it.

as if those reports were not parts of the record or, in the alternative, to recommit the case to the single member for further proceedings. The insurer, if unsuccessful, could have saved an exception. In this way the issue could have been brought before the Superior Court and, if necessary, to this court. Having failed to do this, the insurer may not now raise this issue. *Charron's Case*, 331 Mass. 519, 523.

As the insurer conceded at the oral argument that there was no error in the decision of the board if the challenged reports were properly parts of the record, we do not concern ourselves with the other questions raised in its brief.

*Decree affirmed.*