WHITEHALL COMPANY, LTD. *vs.* ALCOHOLIC BEVERAGES CONTROL COMMISSION.

Suffolk.   January 11, 1979. — May 11, 1979.

Present: GRANT, BROWN, & GREANEY, JJ.

*Alcoholic Liquors*, Licensee. *Words*, "Licensee."

A corporation holding three wholesale liquor licenses issued under G. L. c. 138, § 18, was the "licensee" for purposes of c. 138, § 25A, and a division of the corporation could not, therefore, offer a discount to its customers which was not offered by the other two divisions of the corporation. [540-542]

CIVIL ACTION commenced in the Superior Court on February 2, 1976.

Following a report by a master, motions for summary judgment were heard by *Ford*, J.

*James C. Heigham (Thomas J. Raftery* with him) for the plaintiff.

*John E. Bowman, Jr.*, Assistant Attorney General, for the defendant.

BROWN, J. Whitehall Company, Ltd. (Whitehall Company), seeks reversal of a ruling by the Alcoholic Beverages Control Commission (commission) that a proposed discount to be offered by the company's Whitehall-Cape Cod Division (Whitehall-Cape Cod), but not by its other two divisions, is discriminatory and in violation of G. L. c. 138, § 25A. Section 25A provides that "[n]o licensee authorized under this chapter to sell alcoholic beverages to wholesalers or retailers shall discriminate, directly or indirectly, in price, in discounts for time of payment or in discounts on quantity of merchandise sold, between one wholesaler and another wholesaler, or between one retailer and another retailer . . . ."

Whitehall Company holds three wholesale licenses issued under G. L. c. 138, § 18: one issued to "Whitehall Company, Ltd.," for premises in Allston; one issued to "Whitehall Company, Ltd., doing business as Liberty Liquors," for premises in Springfield; and one issued to "Whitehall Company, Ltd., doing business as Whitehall-Cape Cod," for premises located in Mashpee.

The dispute as perceived by the parties centers on whether Whitehall Company is the "licensee" for purposes of G. L. c. 138, § 25A, or whether the division of the company which would offer the discount should be considered the licensee. The commission found that "Whitehall Co., Ltd., a corporate entity, is the licensee within the meaning of chapter 138, section 25A" and that the discounts proposed to be offered by "Whitehall-Cape Cod" would be discriminatory because they would not be available to retailers serviced by Whitehall Company through its Allston division. The plaintiff contends, and one member of the commission agreed in a dissent from the majority ruling, that because a separate license was issued for "Whitehall-Cape Cod," that division, not the corporate entity, should be considered the licensee and that the proposed discount would therefore not be discriminatory.

Whitehall Company brought an action in the Superior Court for judicial review of the decision pursuant to G. L. c. 30A, § 14, and in the alternative, for a declaratory judgment with respect to G. L. c. 138, § 25A. Both parties filed motions for summary judgment, and the case was referred to a special master. The court adopted the report of the special master and entered summary judgment for the defendant. The plaintiff appeals.

Under the standard set out by G. L. c. 30A, § 14(7), for judicial review of an agency decision, the decision of the commission may be set aside if it is "[b]ased upon an error of law." The reviewing court is to give "due weight to the experience, technical competence, and specialized knowledge of the agency, as well as to the discretionary authority conferred upon it." *Id.* We conclude that there was no error in the commission's ruling.

The commission's construction of the word "licensee" comports with the statutory language. "[W]here the Legislature uses the same words in several sections which concern the same subject matter, the words 'must be presumed to have been used with the same meaning in each section' " (*Insurance Rating Bd.* v. *Commissioner of Ins.,* 356 Mass. 184, 188-189 [1969], quoting *Liddell* v. *Standard Acc. Ins. Co.,* 283 Mass. 340, 346 [1933]); therefore "licensee" must be presumed to have the same meaning in G. L. c. 138, § 18, and § 25A. Chapter 138, § 18, as amended through St. 1975, c. 665, provides that the commission may issue to an "individual who is both a citizen and resident of the commonwealth and to partnerships composed solely of such individuals, and to *corporations* organized under the laws of the commonwealth whereof all the directors are citizens of the United States and a majority thereof residents of the commonwealth, licenses[1] as wholesalers and importers" (emphasis supplied).

---

[1] Section 18, which had originally provided that "[n]o person, firm, corporation, association or other combination of persons . . . shall be granted more than one license throughout the commonwealth" was

At other points this section refers to "licensees under this section." Thus, it is clear that only individuals, partnerships, and corporations may hold licenses and that the licensee in this case is the corporation to which all three licenses were issued.[2] There is nothing in the language or the legislative history of either § 18 or § 25A to indicate that an unincorporated division could be a "licensee," or that the meaning of the word "licensee" should vary, depending on how a corporate applicant might choose to structure the internal organization of its business. Therefore, since it is undisputed that Whitehall is one corporation, it must be considered the licensee for purposes of both § 18 and § 25A.

Although the plaintiff argues that such an interpretation is contrary to the statutory scheme that licenses under c. 138 go with the premises (see G. L. c. 138, §§ 15, 15A & 23; *Opinion of the Justices*, 349 Mass. 794, 798 [1965]), we find no inconsistency, as one licensee under § 18 can hold several licenses for different premises. The fact that a license under § 12 or § 15 "must be exercised on approved premises and cannot exist as a roving license" (*id.*) does not, as the plaintiff suggests, compel the conclusion that a given set of premises is the licensee. Rather, quite obviously, the licensee is different from the premises. This is clearly indicated in that *Opinion of the Justices* by their summary of the preamble to the proposed legislation in question, whereby it refers to the "substantial financial hardship to licensees if they are unable to continue in business because they cannot obtain transfers of their licenses to other suitable locations

---

amended by St. 1966, c. 571, to change the limitation to two licenses, and by St. 1971, c. 729, to abolish the limitation entirely. There is nothing in the history of these amendments to suggest that an entity other than an individual, partnership, or corporation may be a licensee.

[2] We note that Webster's Third New International Dictionary (1971) at 1304 defines "licensee" as a "licensed person" and "a person having a liquor license."

within [a certain time limit]." *Id.* at 797. See G. L. c. 138, § 23B, as amended by St. 1973, c. 424, which provides that when premises are taken by public authority, the "licensee may apply to the local licensing authorities for a transfer of the license to another location . . . ."

The plaintiff argues that if the corporation is the "licensee," no "benefit" of "value to the recipient" (see *National Cable Television Assn.* v. *United States*, 415 U.S. 336, 340-341 [1974]) is received in return for the license fee of $5,000 paid for each of the three licenses. Prior to obtaining a license under c. 138, § 18, for the premises in Mashpee, Whitehall Company held a storage permit under c. 138, § 20, for the same premises. This permit authorized the company "to store alcoholic beverages" and "to deliver such beverages from [the] place of storage . . . upon orders, which need not be in writing, received . . . at the premises covered by [the] . . . wholesaler's and importer's license and transmitted to the place of storage covered by the permit." G. L. c. 138, § 20, as appearing in St. 1943, c. 542, § 10. A license under § 18 is a license "to sell for resale to other licensees . . . ." Thus, the value received in return for the $5,000 fee for the § 18 license for the Cape Cod premises is the right to receive orders from customers directly at those premises, rather than only at the premises in Allston.

The only other argument put forth by the plaintiff is that because the areas serviced by the Cape Cod division are "far more sparsely populated than metropolitan Boston" the cost of making deliveries is higher and "may well justify a discount for customer pick-ups that would make no economic sense for the Boston licensee"; therefore, the plaintiff argues, the discount proposed here[3] would not be

---

[3] Whitehall Company proposed a one percent discount for items paid within ten days if delivered to a single location; a three percent discount for items ordered at least a day in advance, picked up between certain times, and paid for on or before pickup; and a one percent discount for items ordered at least a day in advance and picked up between certain times.

discriminatory within the meaning of G. L. c. 138, § 25A. However, because this issue was not raised before the commission (or the Superior Court), we do not consider it. *Russo's Case,* 1 Mass. App. Ct. 206, 207-208 (1973). See *Niles* v. *Boston Rent Control Admr.,* 6 Mass. App. Ct. 135, 151-152 (1978), and cases cited.

In short, we conclude that the plaintiff has not shown that the commission's ruling is erroneous as matter of law.

*Judgment affirmed.*