MacGregor Fiske & another *vs.* Board of Selectmen of Hopkinton & others.

Suffolk.    April 1, 1968. — May 6, 1968.

Present: Wilkins, C.J., Whittemore, Kirk, Spiegel, & Reardon, JJ.

*Certiorari. Zoning*, Enforcement of zoning. *Municipal Corporations*, By-laws and ordinances. *Real Property*, Removal of soil.

There was no error in dismissal of a certiorari proceeding by citizens of a town against its selectmen attacking the granting of a permit for earth removal where the petition contained only general and speculative allegations of injury to the town as a whole and of a violation of the town's zoning by-law but not of injury to the petitioners other than that to the town.

PETITION for a writ of certiorari filed in the Superior Court on January 3, 1967.

The case was heard by *Sullivan,* J.

*J. Fleet Cowden* for the petitioners.

*Robert T. Nealon* for the Selectmen of Hopkinton.

*Brendan J. Perry (Paul M. Shea* with him) for Louis A. Drowne & another.

SPIEGEL, J. This is an appeal from an order of the Superior Court denying certain motions of the petitioners and dismissing a petition for a writ of certiorari. The petitioners are "citizens of, residents in, and registered voters of the Town of Hopkinton." They allege that they are "aggrieved by erroneous rulings of law and unreasonable . . . action" by the respondent board under the earth removal by-law of the town. The petitioners seek to have rescinded a permit issued by the board to the respondent Louis A. Drowne for "earth removal operations" on land belonging to him in the town of Hopkinton. The case was heard on the petition, the return of the respondent board, and the answer and return of the respondents Drowne and Pyne Sand & Stone Co., Inc.

The petitioners allege that under the permit the "stripping of loam and topsoil from the locus . . . will produce disagreeable dust and noise . . ., will leave a desert area . . ., will permanently destroy the soil . . . and leave the locus valueless . . ., and that the effect of such unsightly waste in a residential . . . community will be permanently to depress values of other lands in the neighborhood and to render them less desirable for homes . . . ." The petitioners also allege "that the truck hauling requirements of said operation . . . will impose an undue burden upon the streets . . ., will create undue traffic hazards . . .," and will impose upon the "townspeople the economic burden of widening and relocating roads and streets . . ."; and that "there is . . . a clear and present danger" that new permits will issue "and the process . . . [will] be repeated upon tract after tract of agricultural and residential land . . ." with disastrous results to the town.

In essence, the petitioners' allegation is that the permit in question allows the operation of a "gravel pit" on the respondent Drowne's land; that a gravel pit is not a use permitted anywhere in the town of Hopkinton by the zoning by-law; that the earth removal by-law by its express terms cannot "amend, repeal or supersede the Zoning By-Law"; and that the board of selectmen consequently committed an error of law in issuing the permit.

"It is the general rule that resort cannot be had to certiorari unless the action of the tribunal of which a review is sought has resulted in substantial injury or manifest injustice to the petitioner." *North Shore Corp.* v. *Selectmen of Topsfield*, 322 Mass. 413, 418, and cases cited. In the instant case the allegations are speculative and the damage alleged is generalized. The petitioners allege that their properties abut the streets over which the trucks will travel, and we might infer that their land is somewhere near the locus. But it does not appear from the petition how close their properties lie to the locus or how they are substantially injured beyond the hypothetical injuries to the town of Hopkinton as a whole. The principal error alleged is in effect a violation of the zoning by-law. We are not persuaded that if this can be shown the petitioners have no other remedy. *Fino* v. *Municipal Court of the City of Boston,* 326 Mass. 277. *Cliff* v. *Board of Health of Amesbury,* 343 Mass. 58.

At the hearing on the petition, the trial judge ruled that the petitioners could not submit testimony or other extrinsic evidence in support of their petition. In view of what we have said above it is unnecessary to pass on the correctness of this ruling. It is likewise unnecessary to discuss the denial of the petitioners' motion to strike portions of the answer and return of two of the respondents.

*Order dismissing petition affirmed.*