Rescript Opinions.

GERALD L. CHRISTOFFELS & others vs. ALTON PROPERTIES, INC. & another. June 5, 1972. This is a bill in equity in which the plaintiffs, ten residents of Tewksbury, seek to prevent the filling of a certain pond (Ames Pond) in Tewksbury and the construction of a shopping center. From a final decree dismissing the bill, the plaintiffs appeal. We have before us a report of material facts and a transcript of the evidence. Ames Pond is an area which can be lawfully filled only under the terms of G. L. c. 131, § 140, as amended, the "Hatch Act." The plaintiffs argue that the statute is unconstitutional because it affords them no opportunity to be heard prior to the issuance by the Department of Natural Resources of an order for conditions under which the pond shall be filled, nor does it require that the Department consider the recommendations and findings which the selectmen may file with the Department after a mandatory public hearing. We do not reach the constitutional issue, since the statute protects only the public interest and confers no enforceable rights on the plaintiffs. *Mullholland* v. *State Racing Commn.* 295 Mass. 286, 291–292. *Massachusetts Commn. Against Discrimination* v. *Colangelo,* 344 Mass. 387, 390. The statute does not preclude proceedings under the recent statute aimed at the restraining of damage to the environment. St. 1971, c. 732. Nor does it affect any remedies which the plaintiffs may have for alleged failure of public officers to enforce their public duties in this area. *Brady* v. *Board of Appeals of Westport,* 348 Mass. 515, 518–519. *Hallenborg* v. *Town Clerk of Billerica,* 360 Mass. 513, 519–520. The plaintiffs further argue that the construction of the proposed shopping center and the further filling of the pond will result in a nuisance, as to noise and traffic and increased flood danger. The judge found that no such results would ensue, and we conclude, from our review of the evidence, that he was not plainly wrong in that finding. Nor was the judge plainly wrong in his findings and rulings, contrary to the assertions of the plaintiffs, that the defendants were in substantial compliance with the procedural requirements of G. L. c. 131, § 40. We have reviewed the plaintiffs' remaining arguments and find them to be without merit.

*Decree affirmed with costs of appeal.*

*Robert H. Goldman* & *Cornelia C. Adams* (*Glen B. Smith* with them) for the plaintiffs.
*Carl H. Amon, Jr.* (*Stephen H. Oleskey* with him) for the defendants.