POLICE DEPARTMENT OF FALL RIVER *vs.* COMMISSIONERS OF CIVIL SERVICE & another. December 2, 1977. The plaintiff instituted a civil action in the nature of certiorari (*Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 90 [1975]; see G. L. c. 249, § 4, as appearing in St. 1973, c. 1114, § 289, and Mass.R.Civ.P. 81[b], 365 Mass. 841 [1974]) seeking relief from a decision of the Civil Service Commission (commission) on various grounds, the only one of which has any efficacy is that the notice of the commission's decision was not given within the time limits prescribed by G. L. c. 31, § 43(*b*), as amended through St. 1974, c. 835, §§ 122-125. A judge of the Superior Court allowed the defendants' motions to dismiss pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974) (cf. *Donnelly & Sons* v. *Outdoor Advertising Bd., ante,* 819 [1977]), from which the plaintiff now appeals. As no judgment was entered pursuant to those orders,

the case is not properly before us; however, by way of dictum, we express our opinion on the issues raised by the parties. *Nantucket Land Council, Inc.* v. *Planning Bd. of Nantucket, ante,* 206, 207-208 (1977). There was no error. The judge's orders allowing the motions were proper, as the plaintiff would not be entitled to relief even if it proved all of the allegations contained in its complaint. See and compare *Nader* v. *Citron,* 372 Mass. 96, 97-98 (1977), and cases cited; *Senay* v. *Meehan, ante,* 854 (1977). The plaintiff's complaint, ostensibly in the nature of certiorari, does not allege errors of law on the face of the record (see *Bennett* v. *Aldermen of Chelsea,* 361 Mass. 802, 807 [1972]) that demonstrate that the plaintiff's rights have been substantially harmed. *Fiske* v. *Selectmen of Hopkinton,* 354 Mass. 269, 271 (1968). The ten-day period of G. L. c. 31, § 43(*b*), "relates only to the time of performance of a duty by a public [agency] and ... [is] not a condition precedent to the validity of the act done." *Cheney* v. *Coughlin,* 201 Mass. 204, 211-212 (1909). See *Smith* v. *Director of Civil Serv.,* 324 Mass. 455, 458-459 (1949). Moreover, it is clear that that provision is intended to protect the employee, not the employer.

*Appeal dismissed.*

*Antonio R. Luongo, Jr.,* Assistant Corporation Counsel, for the Police Department of Fall River.

*Stephen A. Dugas* for William Cyr.

*Alan K. Posner,* Assistant Attorney General, for the Commissioners of Civil Service.