SPRINGFIELD PRESERVATION TRUST, INC., & others *vs.*
SPRINGFIELD HISTORICAL COMMISSION & others.

Hampden.  January 9, 1980. — March 18, 1980.

Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.

*Historic Districts Act*, Jurisdiction.  *Jurisdiction*, Historic Districts Act,
Equity.

Neither G. L. c. 40C, §§ 12A, 13, nor G. L. c. 214, § 1, conferred juris-
diction on the Superior Court of an action against the historical com-
mission of a city and an applicant for a certificate of hardship brought
by a nonprofit corporation and residents of the city, where the group
of plaintiffs did not include either the city's mayor or any member of
the commission. [161]

CIVIL ACTION commenced in the Superior Court Depart-
ment on July 6, 1979.

A motion to dismiss was heard by *Moriarty*, J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Ellen B. Kaplan* (*Donna M. Schuckman* with her) for the
plaintiffs.

*Harry P. Carroll* for Springfield Historical Commission &
others.

*Francis D. Dibble, Jr.* (*Charles S. Cohen* with him) for
MacDuffie School for Girls, Inc.

*Thomas J. Reed*, for Society for the Conservation of the
Architecture & Natural Environment, Inc., amicus curiae,
submitted a brief.

BRAUCHER, J.  The Springfield Historical Commission
(commission), on July 5, 1979, granted the application of
the MacDuffie School for Girls, Inc. (MacDuffie), for a cer-
tificate of hardship under the Historic Districts Act, G. L.

c. 40C, §§ 6 and 10 (*c*), with a view to demolition of a historic building known as Bowles House. The plaintiffs sought review of that decision in the Superior Court. Their complaint was dismissed for lack of jurisdiction, and they appealed. We transferred the case from the Appeals Court to this court on our own motion, and we now affirm the judgment of dismissal. We hold that neither G. L. c. 40C, §§ 12A, 13, nor G. L. c. 214, § 1, conferred jurisdiction on the Superior Court.

We summarize the allegations of the complaint, as amended. The plaintiffs are a nonprofit corporation and six residents of the city of Springfield; one is a resident of the Maple Hill Historic District, in which the building in question is located. In August, 1978, MacDuffie, the owner of the building, filed the application for a certificate of hardship for the purpose of obtaining a demolition permit. In September, 1978, the commission voted six to zero, with one absence, to deny the application, adopting a staff report as its reasons. MacDuffie appealed to the Superior Court as an "applicant aggrieved" by the determination under G. L. c. 40C, § 12A. In June, 1979, on MacDuffie's motion assented to by the commission, the matter was remanded to the commission for reconsideration. On July 5, 1979, by a vote of four to two, the commission granted the application. The vote, it is alleged, was arbitrary and capricious and otherwise contrary to law.

We agree with the judge that G. L. c. 40C does not confer jurisdiction of the case on the Superior Court. By its plain language, § 12A provides a remedy only for an "applicant," and the only applicant here was MacDuffie. Cf. *Tranfaglia* v. *Building Comm'r of Winchester*, 306 Mass. 495, 497 (1940). Under § 13 the Superior Court has "jurisdiction to enforce" c. 40C and any ordinance or by-law enacted under c. 40C and the determinations, rulings and regulations issued pursuant thereto "and may, *upon the petition of the mayor or of the board of selectmen or of the commission*, restrain by injunction violations thereof; . . ." The words in italics were inserted by St. 1971, c. 359, § 1; like the

judge, we read them as limiting the eligible plaintiffs to those listed.

The plaintiffs also contend that the case is within G. L. c. 214, § 1, conferring "jurisdiction of all cases and matters of equity cognizable under the general principles of equity jurisprudence." Our decisions are to the contrary. *Boyle* v. *Building Inspector of Malden,* 327 Mass. 564, 566-567 (1951). See *Administrator of OPA* v. *Chook,* 320 Mass. 187, 191-192 (1946); *Baldwin* v. *Wilbraham,* 140 Mass. 459, 460 (1886).

The plaintiffs contend further that jurisdiction is conferred by art. 97 of the Amendments to the Constitution of Massachusetts, and that denial of jurisdiction deprives them of property without due process of law. There is no reference to these contentions in the complaint, the record does not disclose that they were presented to the judge, and there is no indication that he ruled on them. We do not consider them. See *Christoffels* v. *Alton Properties, Inc.,* 362 Mass. 862 (1972).

*Judgment affirmed.*