BRUCE R. HOMSTEAD & others, trustees, *vs.* TOWN OF WHATELY & others.  March 31, 1981.  A majority of the panel are of opinion that the Probate Court lacked jurisdiction over the subject matter of the present action (one ostensibly brought under G. L. c. 231A) because the board of appeals, in its decision rendered under G. L. c. 40A, §§ 13 and 15(1), as in effect prior to St. 1975, c. 808, § 3, expressly determined that the way in question "is not a public way" and because the plaintiffs' exclusive remedy with respect to that determination was a timely appeal to the proper District Court or to the Superior Court under G. L. c. 40A, § 21, as also in effect prior to St. 1975, c. 808, § 3.  See, e.g., *Hull* v. *Belmont,* 309 Mass. 274, 277-281 (1941); *Smith* v. *Board of Appeals of Plymouth,* 340 Mass. 230, 232 (1960); *Lincoln* v. *Board of Appeals of Framingham,* 346 Mass. 418, 420 (1963); *Saab* v. *Building Inspector of Lowell,* 1 Mass. App. Ct. 87, 88 (1973); *Potter* v. *Board of Appeals of Mansfield,* 1 Mass. App. Ct. 89, 94, 97 (1973); *Planning Bd. of Falmouth* v. *Board of Appeals of Falmouth,* 5 Mass. App. Ct. 324, 327-328 (1977).  Contrast *Spaulding* v. *Board of Appeals of Leicester,* 334 Mass. 688, 689-692 (1956).  The third member of the panel (Goodman, J.) reaches the same result, for the reason that the present case is not one "cognizable under the general principles of equity jurisprudence" within the ambit of the first paragraph of G. L. c. 215, § 6, as appearing in St. 1973, c. 1114, § 63.  See *Administrator of OPA* v. *Chook,* 320 Mass. 187, 191-192 (1946); *Springfield Preservation Trust, Inc.* v. *Springfield Historical Commn.,* 380 Mass. 159, 161 (1980); 1963 Pub. Doc. No. 166, at 29.  The third member suggests that the reader should also see and compare the second paragraph of G. L. c. 211B, § 9, inserted by St. 1978, c. 478, § 110.  The judgment is vacated, and the action is to be dismissed for lack of jurisdiction.

*So ordered.*

*Edward W. Pepyne, Jr.,* Town Counsel (*Rebekah J. Crampton* with him) for the defendant.

*Richard M. Howland* for the plaintiffs.