# RESCRIPT OPINIONS.

ALBERT GERTE & others *vs.* DEPARTMENT OF PUBLIC HEALTH & others.
April 13, 1984. *Public Health. Department of Public Health,* Certificate
of need. *Health Care Facility. Administrative Law,* Standing, Judicial
review, Hearing.

In February, 1981, First Psychiatric Planners, Inc., applied to the Depart-
ment of Public Health (Department) pursuant to G. L. c. 111, § 51, as
amended through St. 1980, c. 572, § 93, to transfer ownership of the
Bournewood Hospital in Brookline. The application was opposed by the
plaintiffs, three groups of ten or more taxpayers residing near the hospital.
In accordance with regulations then in effect (see now 105 Code Mass.
Regs. § 100.000, et seq. [1983], effective September 1, 1983), the plaintiffs
were allowed to participate fully in the administrative proceedings by sub-
mitting written comments (see 105 Code Mass. Regs. § 100.430 [1979])
and by presenting their views at the public hearing held on the application
(see 105 Code Mass. Regs. § 100.410 [1979]). The Department determined
that there was "need" for the facility (see G. L. c. 111, § 51, second par.)
and approved the transfer. The plaintiffs appealed from that decision and
requested an evidentiary hearing (see 105 Code Mass. Regs. §§ 100.980
& 100.981[A] [1979]). The Commissioner of Public Health appointed a ref-
eree to report whether legal error had been committed and directed the
referee not to conduct an evidentiary hearing (see 105 Code Mass. Regs.
§ 100.981[B] [1979]). A second public hearing was thereafter held in
which the plaintiffs participated. The referee found no legal error, and the
Department reaffirmed its earlier approval of the application.

The plaintiffs then commenced an action in the Superior Court seeking
review of the Department's decision by an action in the nature of certiorari
and mandamus to compel the Department to hold an evidentiary hearing.
They argue on appeal that the complaint also sought review under the State
Administrative Procedure Act and a declaration that the determination of
need was invalid. A Superior Court judge allowed the defendants' motion
to dismiss the action, relying on our decision in *Adam* v. *Department of
Pub. Health,* 15 Mass. App. Ct. 906 (1982).

1. We deal first with the dismissal of the plaintiffs' claim that the
Department erred in approving the application under § 51 because the
applicants contemplated substantial improvements to the hospital which are
governed by the provisions of G. L. c. 111, § 25C, as amended through
St. 1980, c. 541.

General Laws c. 111, §§ 25B-25H (as in effect in February, 1981), expressly permitted ten-taxpayer groups to participate in the Department's administrative proceedings in connection with determination-of-need applications involving "substantial capital expenditures" or a "substantial change [in] services." See § 25B & § 25C, first par. Such groups were also given the right to appeal from the Department's approval of § 25B & § 25C determination-of-need applications to the Health Facilities Appeals Board (§ 25E) and were granted statutory standing to seek judicial review of that board's decisions in the Superior Court (§§ 25E & 25G). See *Shoolman* v. *Health Facilities Appeals Bd.*, 10 Mass. App. Ct. 799, 801 n.7, and 803-804 (1980). Having failed, however, to take an appeal to the board as provided for by § 25E, the plaintiffs are precluded from obtaining relief for any alleged error concerning compliance with § 25C under the well-established principle that a party's failure to exhaust available administrative remedies forecloses judicial review. See *Goldman* v. *Planning Bd. of Burlington*, 347 Mass. 320, 325-326 (1964); *Reidy* v. *Acting Director of Civ. Serv.*, 354 Mass. 760 (1968); *J. & J. Enterprises, Inc.* v. *Martignetti*, 369 Mass. 535, 539 (1976); *Assuncao's Case*, 372 Mass. 6, 8-9 (1977); *Gallo* v. *Division of Water Pollution Control*, 374 Mass. 278, 288-289 (1978).

2. It was also correctly determined that the plaintiffs otherwise lacked standing to contest the Department's decision. In *Adam* v. *Department of Pub. Health, supra,* we addressed the issue of standing of a ten-taxpayer group to seek judicial review of a determination-of-need made under § 51. We held in *Adam* (at 907), that "the plaintiffs [a ten-taxpayer group], having no legally cognizable personal interests in the application, and having no statutory standing as a ten-taxpayer group except with respect to applications falling within the scope of §§ 25B-25H, are not proper parties to bring the action for declaratory relief." This language governs the plaintiffs' claims. Their interests are general and are not distinguishable in substance from the interests of the taxpayers in *Adam*; both *Adam* and this case involve ten-taxpayer groups residing near the health facility and objecting to its presence. See *Group Ins. Commn.* v. *Labor Relations Commn.*, 381 Mass. 199, 204, 207 (1980). And while the Legislature may provide a statutory grant of standing to obviate the requirement of showing legal harm, see *Save the Bay, Inc.* v. *Department of Pub. Util.*, 366 Mass. 667, 673 (1975), it has chosen to do so only in connection with applications falling within the scope of §§ 25B-25H. The absence in § 51 of language like that in §§ 25B-25H which expressly confers standing on ten-taxpayer groups must be taken as a conscious legislative decision to deny such standing in connection with determinations of need made pursuant to § 51. There is nothing in the *Save the Bay* case or in *Boston Edison Co.* v. *Boston Redev. Authy.*, 374 Mass. 37 (1977), to the contrary. Both of those cases involved statutory grants of standing. The absence of like standing or any legally cognizable interest in the application by the plaintiffs is fatal to the plaintiffs' claim for declara-

tory relief, see *Doe* v. *The Governor,* 381 Mass. 702, 704 (1980); *Adam* v. *Department of Pub. Health,* 15 Mass. App. Ct. at 907, for certiorari, see *Fiske* v. *Selectmen of Hopkinton,* 354 Mass. 269, 271 (1968), and for review under G.L. c. 30A, see *Group Ins. Commn.* v. *Labor Relations Commn.,* 381 Mass. at 202.

3. Since there is some indication in our case law that the rules of standing may, at times, be different when a mandamus action is brought, see *Kaplan* v. *Bowker,* 333 Mass. 455, 460 (1956); *Douglas* v. *Woods Hole, Martha's Vineyard & Nantucket S.S. Authy.,* 366 Mass. 459, 461 (1974), we address the plaintiffs' mandamus claim that sought to compel an evidentiary hearing on the administrative appeal. Such a hearing was requested and denied by the Commissioner. To support their claim, the plaintiffs rely on 105 Code Mass. Regs. § 100.981(B) (1979), which provides, in pertinent part, that the Commissioner shall appoint a hearing examiner when "an evidentiary hearing is requested under G. L. c. 30A."

The regulation's reference to c. 30A must be read to require an evidentiary hearing only when an adjudicatory proceeding under the State Administrative Procedure Act is involved (see G. L. c. 30A, § 11). An adjudicatory proceeding under G. L. c. 30A, § 1, is defined as, and limited to, proceedings in which the agency hearing is required as matter of constitutional right or by the express dictates of a statute. See *Labor Relations Commn.* v. *Fall River Educators' Assn.,* 382 Mass. 465, 470 (1981). There is no constitutional right to a hearing in the circumstances here present. Nor does § 51 contain any requirement that the Department hold an evidentiary hearing on an application falling within the scope of § 51. In fact, the Department's regulation allowing participation at public hearings on § 51 applications by ten-taxpayer groups (see 105 Code Mass. Regs. § 100.410 [1979]) expressly provides that such proceedings [are] not "adjudicatory but [are] in the nature of a public forum." 105 Code Mass. Regs. 100.410(B) (1979). See *Reid* v. *Acting Commr. of Community Affairs,* 362 Mass. 136 (1972). It follows that the Commissioner's reference of the appeal to review by a referee without an evidentiary hearing, in accordance with the procedure provided for by the first sentence of 105 Code Mass. Regs. § 100.981(B) (1979), was not outside the scope of his authority.

*Judgment affirmed.*

*Michael Eby* for the plaintiffs.
*Stephen S. Ostrach,* Assistant Attorney General, for the defendants.