Neel, J.
Plaintiff, South Street Neighbors and Abut-ters Association (“Association”), brings this action through its representatives, William Weimar (“Wei-mar”) and Walter Begonis (“Begonis”), against the defendants, the Reading Board of Selectmen (“Board”) and the Reading Community Planning and Development Commission (“CPDC”), alleging that the CPDC exceeded its authority and committed an error of law when it approved the Board’s proposal to widen a scenic road in the town of Reading. The defendants now move to dismiss the amended complaint, pursuant to Mass.R.Civ.P. 12(b)(1), for lack of jurisdiction and, pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief may be granted. For the following reasons, the defendants’ motion to dismiss the amended complaint is ALLOWED.
BACKGROUND
The following facts are contained in the plaintiffs’ amended complaint and are taken as true for the purposes of this motion:
South Street Neighbors and Abutters Association is an unincorporated association comprising individuals living in the South Street area of the Town of Reading. William Weimar and Walter Begonis, as residents of Reading who own property directly abutting South Street, are duly authorized representatives of the Association.
On or about August 26, 1991, the CPDC adopted Scenic Road Regulations applicable to those roads designated as scenic roads in the town of Reading. The Regulations set forth the procedures that must be followed in considering an application to modify a scenic road.
In the spring of 1992, the Reading Town Meeting voted to approve Article 7 on the Special Town Meeting Warrant. Article 7 provided that a petition would be presented to the Massachusetts legislature requesting that the Town of Reading be provided state funding to make improvements to South Street, a duly designated scenic road, even though such repairs provided a pavement width in part less than the state mandated minimum width of twenty feet.[4]
On or about December 14, 1992, before Article 7 was submitted to the Massachusetts legislature, the CPDC conducted a public hearing in the Town of Reading concerning an application by the Board of. Selectmen to reconstruct South Street. The application provided that the project would include (1) widening South Street in part to a uniform twenty-foot width, (2) removing a single tree, and (3) moving utility poles as required. On or about January 4, 1992, the CPDC voted to approve the Board’s application. The decision was filed with the Reading Town Clerk the following day.
DISCUSSION
A. General Laws Chapter 40A, §17 claim
The plaintiffs bring this action pursuant to G.L.c. 40A, §17, alleging that the CPDC exceeded its authority when it approved the Board of Selectmen’s application to reconstruct South Street. The defendants move to dismiss the action on the grounds that this court is without jurisdiction.
General Laws Chapter 40A, §17 provides in relevant part:
Any person aggrieved by a decision of the board of appeals or any special permit granting authority or by the failure of the board of appeals to take final action concerning any appeal, application or petition within the required time or by the failure of any special permit granting authority to take final action concerning any application for a special permit within the required time, whether or not previously a party to the proceeding, or any municipal officer or board may appeal to . . . the superior court department in which the land concerned is situated
The provision provides for appeal only from decisions of the board of appeals or any special permit granting authority. The CPDC, as a municipal entity, is not a board of appeals or a special permit granting authority.[5] Accordingly, this court is without jurisdiction to hear this action pursuant to G.L.c. 40A, §17.
*72 B. General Laws Chapter 249, §4 claim
In the amended complaint, the plaintiffs also allege, pursuant to G.L.c. 249, §4, that the CPDC committed errors of law when it approved the Board’s application to reconstruct South Street. The defendants move to dismiss on the grounds that the complaint fails to allege sufficient facts to set forth a claim upon which relief may be granted.
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
General Laws Chapter 249, §4 provides that, “[a] civil action in the nature of certiorari to correct errors in proceedings which are not otherwise reviewable by motion or by appeal, may be brought in the . . . superior court.” In reviewing a claim pursuant to G.L.c. 249, §4, a court will only correct substantial errors of law which result in manifest injustice to the plaintiff or which adversely affect the real interests of the general public. Carney v. City of Springfield, 403 Mass. 604, 605 (1988); Fiske v. Board of Selectmen of Hopkinton, 354 Mass. 269, 271 (1968), quoting North Shore Corp. v. Selectmen of Topsfield, 322 Mass. 413, 418 (1948) (“It is the general rule that resort cannot be had by certiorari unless the action of the tribunal of which a review is sought has resulted in substantial injury or manifest injustice to the petitioner”).
Even when read in the light most favorable to the plaintiffs, the amended complaint fails to allege that either the Board of Selectmen or the CPDC committed an error of law. As to the Board of Selectmen, the amended complaint merely alleges that it presented an application to the CPDC to reconstruct South Street before Article 7 was filed with the legislature. Accordingly, the amended complaint alleges no errors of law with respect to the Board.
The amended complaint also does not allege that the CPDC acted wrongfully. In fact, the plaintiffs acknowledge that the CPDC did consider evidence presented on the issues of public safety and the number of trees that would have to be cut down to complete the reconstruction.[6] In addition, the plaintiffs fail to demonstrate that the defendants’ actions resulted in any manifest injustice to them or to the general public. Accordingly, the plaintiffs have failed to state a claim upon which this court may grant relief.
ORDER
It is therefore ORDERED that the defendants’ motion to dismiss the amended complaint be ALLOWED.

 The plan was designed so that South Street could be repaired using state Chapter 90 funding while maintaining the road's existing widths.

 G.L.c. 40A, §17 provides for appeals by municipal officers or boards, but not for appeals from decisions of such municipal entities.

 The plaintiffs allege that the CPDC failed to state a finding as to public safely. The plaintiffs have not demonstrated that this constituted an error of any law. In addition, the complaint alleges that the tree warden has not issued a permit to cut down the tree, as required by G.L.c. 87, §3. There is, however, no allegation that such a permit will not be issued before the tree is cut.