Gershengorn, Wendie I., J.
The plaintiff, Dr. Biagio Conte (Conte) filed an action in the nature of certiorari pursuant to G.L.c. 249, §4, seeking review of the decision of the Framingham Conservation Commission (Commission) to issue a permit approving the plan of defendant Winch Pond Trust (Trust) to build a bridge, roadway, and associated infrastructure (the project) within wetland resource areas and buffer zones on property owned by the Trust. The matter is before the court on the parties’ cross motions for judgment on the pleadings. For the following reasons, the plaintiffs motion is DENIED and the defendants’ motion is ALLOWED.
BACKGROUND
Conte’s property abuts a forty-nine-acre parcel of land in Framingham on which the Trust proposes to build a subdivision (the property). The Trust first filed a notice of intent to the Framingham Planning Board for approval of a definitive subdivision plan in 1999; the Board denied the plan, based in large part on the Trust’s failure to obtain approval from the Commission for an access roadway that crossed wetlands on the property. The Trust then filed a notice of intent with the Commission to construct the project at issue, which consisted of the first 1500 linear feet of a subdivision roadway and all associated utilities and drainage structures. There followed several procedural exercises,[2] many revisions to the plan, and extended public hearings; on August 17, 2006, the Commission granted the permit under conditions designed to minimize and mitigate any potential impact to the wetlands and their value. Relevant to the issue at hand were (1) a prohibition in perpetuity against any alteration of any wetlands on the property beyond those approved in the permit; and (2) a requirement that, prior to the commencement of any work on the project, the Trust obtain the Commission’s approval for any work within its jurisdiction associated with any future subdivision on the property, the application for which must include delineation and confirmation of all wetland resource areas.
DISCUSSION
Conte contends that the Commission committed an error of law and acted arbitrarily and capriciously when it approved the project without a review of the proposed subdivision, as required by its own regulations. This error, Conte’s argument goes, caused him manifest injustice whereby, as a result, the Commission was unable to assess the cumulative impacts of any subdivision on his property.
As a threshold matter, the court concludes that Conte lacks standing to bring an action in the nature of certiorari. Nonetheless, were the court to assume that Conte had standing, the court does not consider the actions of the Commission to be arbitrary or capricious, or to constitute an error of law. Finally, even if the Commission did commit an error of law, Conte has not shown that the Commission’s order resulted in any substantial injury or manifest injustice to him. Conte’s claim thus fails in all material respects.
I. Standard of review
In reviewing an action in the nature of certiorari, the court is “limited to correcting substantial errors of law apparent on the record adversely affecting material rights.” FIC Homes of Blackstone, Inc. v. Conservation Comm’n. of Blackstone, 41 Mass.App.Ct. 681, 684 (1996) (internal quotations and citations omitted). The standard of review varies “according to the nature of *310 the action for which review is sought.” Forsyth Sch. for Dental Hygienists v. Board of Registration in Dentistry, 404 Mass. 205, 208 (1989). The appealing party bears the burden of demonstrating the invalidity of the administrative agency’s decision. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bonds, 27 Mass.App.Ct. 470, 474 (1989). Generally, a reviewing court gives substantial deference to an agency’s findings of fact and interpretation of its regulations, Conservation Comm’n. of Falmouth v. Pacheco, 49 Mass.App.Ct. 737, 739 n.3 (2000), and accords “due weight to the experience and specialized competence of the agency.” Arone v. Department of Social Servs., 43 Mass.App.Ct. 33, 34 (1997).
2. Standing pursuant to G.L.c. 249, §4
In the absence of a provision for judicial review of an agency decision, an aggrieved person may seek relief in a civil action pursuant to G.L.c. 249, §4. Bermant v. Board of Selectmen of Belchertown, 425 Mass. 400, 403-04 (1997). “The purpose of the certio-rari procedure is to provide a remedy where none would otherwise exist.” Cumberland Farms v. Planning Bd. of Bourne, 56 Mass.App.Ct. 605, 607 (2002). “The requisite elements for availability of certiorari are (1) a judicial or quasi judicial proceeding (2) from which there is no other reasonably adequate remedy (3) to correct substantial error of law apparent in the record (4) that has resulted in manifest injustice to the plaintiff . . .” Board of Retirement v. Woodward, 446 Mass. 698, 703 (2006). The question of standing is one of critical significance. Perella v. Massachusetts Turnpike Auth., 55 Mass.App.Ct. 537, 538 (2002).[3]
Massachusetts decisional law has established that an action in the nature of certiorari is “the appropriate means of review by applicants dissatisfied with a local conservation commission’s order, under a wetlands bylaw, that prevents or restricts building on the applicant’s land.” Friedman v. Conservation Comm’n of Edgartown, 62 Mass.App.Ct. 539, 542 (2004). Although typically judicial review is sought by an applicant landowner dissatisfied by the commission’s decision, review in the nature of certiorari is also available to those persons, including abutters, “who can establish that they suffered injury to a protected legal interest.” Id. at 542-43. Simply being abutters, however, is not enough to confer standing absent a showing that “they have suffered an injury different in nature and magnitude from that of the general public.” Id. at 543.[4]
“It is the general rule that resort cannot be had to certiorari unless the action of the tribunal of which review is sought has resulted in substantial injury or manifest injustice to the petitioner.” Fiske v. Selectmen of Hopkinton, 354 Mass. 269, 271 (1968). “To qualify as a ‘person aggrieved’ a person must allege substantial injury as a direct result of the action complained of.” Harvard Law Sch. Coalition for Civ. Rights v. President & Fellows of Harvard Coll., 413 Mass. 66, 69 (1992).[5] The burden is on the petitioner to prove the jurisdictional prerequisite that he is an aggrieved person, Barvenik v. Board of Aldermen of Newton, 33 Mass.App.Ct. 129, 131-32 (1992); he must “provide specific evidence demonstrating a reasonable likelihood that the granting of a. . . permit will result, if not in a diminution in the value of his property, at least in his property or legal rights being more adversely affected by the activity authorized by the permit...” Id. at 133. Injuries that are speculative, remote, hypothetical, or indirect will not be considered sufficient to confer standing, Friedman, 62 Mass.App.Ct. at 545; the injury must be a direct consequence of the complained action. Put another way, in order to have standing, Conte must show that the challenged action caused his injury. Ginther v. Commissioner of Ins., 427 Mass. 319, 322-23 (1998).
Conte has provided no evidence that his land is or would be adversely affected by the construction of the bridge. To the extent that he argues that his property would be harmed by any proposed subdivision, this argument fails in two respects. First, judicial review is limited to the record before the administrative agency that made the decision, Board of Selectmen of Oxford v. Civil Serv. Comm’n, 37 Mass.App.Ct. 587, 588 n.4 (1994); this court therefore may not consider the affidavits dated August 21, 2007, from Richard Westcott, P.E. and Conte, where these were not before the Commission.[6] See also Police Commissioner of Boston v. Robinson, 47 Mass.App.Ct. 767, 775 (1999) (“on a writ of certiorari, the court’s review is confined to the record . . .”) (internal quotations and citations omitted); Durbin v. Board of Selectmen cf Kingston, 62 Mass.App.Ct. 1, 9 (2004) (the admission of extrinsic evidence is “contrary to certiorari practice and precedent”).
Furthermore, even if a plan for the subdivision was before the Commission, pursuant to Section IV(2)(a) of the Regulations,[7] there is no regulatory requirement that the plan include proposed activities and their effect on resource areas, and certainly no process by which the Commission can approve (or disapprove) the plan. Until such time as the Commission has issued a permit for the subdivision, there is no case or controversy and thus the issue is not ripe for judicial review. See Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967); Ernst & Young v. Depositors Economic Protection, 45 F.3d 530, 536 (1st Cir. 1995) (critical question concerning fitness for review is whether claim involves uncertain and contingent events that may not occur as anticipated or may not occur at all); Boothroyd v. Zoning Bd., 449 Mass. 333, 341 n.14 (2007); Lakeside Builders v. Planning Board of Franklin, 56 Mass.App.Ct. 842, 849 (2002) (claim not ripe because there has been no authoritative determination).
3. Violation of the Framingham Wetlands Regulations
The Framingham Wetlands Protection Regulations (Regulations) were promulgated pursuant to the Fra-mingham Wetlands Protection Bylaw (Bylaw), which *311 was designed to protect wetlands, local water resources and adjoining land areas; the Bylaw requires the Commission to review and control any activities likely to have a significant impact on those resources. Section 18.4 of the Bylaw mandates that an application for a permit to perform such activities conform to the requirements of the Regulations.
At particular issue in this case is Section IV(2)(a) of the Regulations which reads as follows:
All plans submitted to the Conservation Commission for a permit under this Bylaw must show all Resource Areas on the property and within 125 feet of the property lines (200 feet in the case of perennial streams), regardless of whether or not the proposed work is expected to occur within the jurisdictional area associated with the resource. In those instances where the project is part of a subdivision, a plan must be submitted to the Conservation Commission showing all wetland resources located within the subdivision boundaries and within 125 feet of those boundaries (200 feet in the case of perennial streams).
It is undisputed that the Trust did not submit a plan of the entire subdivision showing all wetlands resources as required by this section. Conte argues that the Commission violated its regulations, advanced an ad hoc agenda, acted arbitrarily and capriciously, and committed an error of law by issuing the permit without prior review of the Trust’s plan for the entire subdivision.[8] The court does not agree.
“A decision is not arbitrary and capricious unless there is no ground which reasonable persons might deem proper to support it.” FTC Homes, 41 Mass.App.Ct. at 684-85. “If an agency has acted for reasons that are extraneous to the prescriptions of the regulatory scheme, but are related, rather, to an ad hoc agenda, then that agency has acted arbitrarily, because the basis for the action is not uniform, and, it follows, is not predictable.” Fafard v. Conservation Comm’n of Reading, 41 Mass.App.Ct. 565, 568 (1996). Actions that are arbitrary and capricious are those that are not authorized by the governing statute, here the Bylaw, but rather are extraneous to the regulatory scheme. Id.
A reading of the record indicates that the subject of the submission of a subdivision plan was repeatedly raised during the many public hearings. It is also undisputed that the Trust repeatedly requested a waiver of that condition pursuant to Section V(A) of the Regulations, but that the Commission, although it had on its agenda the question of whether to grant the waiver, did not act on the Trust’s request.
A commission is “entitled to all rational presumptions in favor of its interpretation of its own by-law, [providing there is] a rational relation between its decision and the purpose of the regulation it is charged with enforcing.” Fafard, 41 Mass.App.Ct. at 572. Reading the Bylaw and the Regulations in harmony, see id. at 569, although Section IV(2)(a) of the Regulation requires the submission of a subdivision plan, the Bylaw does not mandate denial of a permit based on the “failure to submit necessary information and plans requested by the Commission.” From the language of the statutory and regulatory scheme, and given the wide discretion afforded an administrative agency in this regard, see Conservation Comm’n of Falmouth v. Pacheco, 49 Mass.App.Ct. at 739 n.3, it can be inferred that, in this case, the Commission did not consider a subdivision plan necessary at this juncture and therefore did not request one.
Furthermore, the Commission’s decision comports fully with the stated purpose of the Bylaw it is charged with enforcing. See id. at 572. Conditions 28 and 30 of the permit imposed by the Commission, are designed to “protect the wetlands, related water resources, and adjoining land areas.” Bylaw, §18.1. Under Condition 28, “[pjrior to commencement of any work permitted under this order, the Applicant shall file an NOI [Notice ofIntent] and receive an issuance of an Order of Conditions for any work within 125 feet of resources areas or 200 feet of Baiting Brook... Said NOI shall include delineation and confirmation of all Resource Areas." (Emphasis in original.) Condition 30 “prohibits the alteration of any additional wetland resource areas ... on the properties associated with the entire subdivision in perpetuity.” (Emphasis in original.) Under these conditions, no work can start on the bridge until a subdivision plan is submitted, and there may be no additional alteration of wetland resources at any time in the future, other than those approved in the permit. Conte cannot therefore claim that the Commission advanced an ad hoc agenda or acted arbitrarily or capriciously, where the permit as conditioned afforded substantial protection to resources and to adjoining land as required by the Bylaw. This is not a case like that in Fafard, 41 Mass.App.Ct. at 572, where the court concluded that the commission “failed to state a legally tenable ground for its [decision].”
Finally, even were Conte to have standing, and even were the Commission to have acted arbitrarily and capriciously or to have committed an error of law, Conte has offered nothing other than sheer speculation to demonstrate that the failure of the Commission to require a subdivision plan “adversely” affected material rights." Commissioner of Boston v. Robinson, 47 Mass.App.Ct. at 770. See also Friedman, 62 Mass.App.Ct. at 540 n.4 (motion to dismiss plaintiffs’ complaint properly allowed where “plaintiffs had not shown that the commission’s order resulted in substantial injury or manifest injustice to them”).
For the foregoing reasons, it is ORDERED that the plaintiffs motion for judgment on the pleadings be DENIED, and defendants’ cross motion be ALLOWED.

The Trust appealed the Planning Board’s denial to the Land Court. The Trust’s initial application to the Commission to construct the roadway was denied. The Trust appealed from this denial to both the Superior Court and the Massachusetts Department of Environmental Protection. The court remanded the matter upon the Trust’s submission of an alternative plan; the DEP issued a Superseding Order of Conditions approving the project.

In Perella, the Massachusetts Appeals Court addressed standing in the context of a writ of mandamus. Perella v. Massachusetts Turnpike Auth., 55 Mass.App.Ct. 537, 539 (2002). Nonetheless, the requirements for standing for a writ of mandamus are the same as those for an action in the nature of certiorari, that is the petitioner must allege a breach of duty owed to him, and show that the challenged action has caused the litigant injury that is not speculative, remote, or indirect. Id.

Conte contends that he has standing where the Commission owed a duty directly to him since the purpose of the Bylaw is to protect land adjoining wetland resources. See Enos v. Secretary of Envt'l Affairs, 432 Mass. 132, 136 (standing not present unless governmental agency owes a duty directly to plaintiff). Arguably, pursuant to the Bylaw, the Commission owes a duty to protect Conte’s property; nonetheless, absent a finding of injury, the Commission cannot be said to have breached this duty. See discussion, infra.

Similarly, Section 18.9 of the Bylaw defines “person aggrieved” as “any person who because of an act or failure to act by the issuing authority, may suffer an injury in fact which is different either in kind or magnitude from that suffered by the general public and which is within the scope of interests identified by the Bylaw.”

Westcott’s affidavit avers that a substantial portion of the proposed subdivision will drain into and substantially injure Conte’s property. Conte asserts in his affidavit that his property had already been damaged by previous actions of the Trust that occurred “several years ago.”

The relevant section, set forth in full below, requires the submission of a plan showing only wetland resources within the subdivision boundaries and within 125 feet of those boundaries. Although therefore not a subdivision plan as defined in G.L.c. 41, §81L, for the sake of simplicity this court will refer to it as such throughout this memorandum.

Since it is uncontested that the Trust did not submit such a plan, by inference, Conte’s argument is that the Commission should have required the Trust to do so.